Randy J. Harvey, OSB #116714
Email: randy@elpnw.com
Jameson E. Gideon, OSB #202871
Email: jameson@elpnw.com
Andrew T. Mittendorf, OSB #205394
Email: andrew@elpnw.com

**EMPLOYMENT LAW PROFESSIONALS**
POB 1309
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
Telephone: 503-822-5340
Facsimile: 503-433-1404

Of Attorneys for Plaintiff Shelly Mayes

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **SHELLY MAYES**, <br><br> Plaintiff, <br><br> v. <br><br> **NEWBERG SCHOOL DISTRICT, an Oregon School District, DAVID NOVOTNEY, an individual, NIKKI FOWLER, an individual, and SHILOH FICEK, an individual**, <br><br> Defendants. | Case No. <br><br> **COMPLAINT** <br><br> Retaliation (ORS §§ 654.022; 654.062(5); 659A.203), Free Speech (42 USC § 1983); Discrimination (ORS §§ 659A.030(1)(f)(g), 654.010 and 654.062(5)(a)-(c)(6)); Whistleblowing Discrimination (ORS §§ 659A.199(1), 659A.203(b)(3) and 659A.230(a)), Intentional Infliction of Emotional Distress <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Shelly Mayes ("Plaintiff"), by and through her attorneys, does hereby state and

allege as follows:

## I.    INTRODUCTION.

1.

This is a case of retaliation and discrimination for Plaintiff's protected activity in the form of reporting criminal violations, administrative policy violations, school district policy violations and for engaging in protected union activity. The Newberg Public School District ("the District"), Interim Superintendent David Novoteny ("Novoteny"), Director of Human Resources Nikki Fowler ("Fowler") and Food Services Director Shiloh Ficek ("Ficek") (collectively, "Defendants") engaged in a pattern and practice of retaliation and discrimination targeting Plaintiff for her protected activities.

## II.    JURISDICTION AND VENUE.

2.

This is an action for violations of the United States Constitution brought under 42 U.S.C. §1983. This Court has original jurisdiction over Plaintiff's federal claims under 28 U.S.C. §§1331 and 1334(3) and (4). This Court also has supplemental jurisdiction over Plaintiff's state claims under 28 U.S.C. §1367.

3.

Venue in this district is proper under 28 U.S.C. §1391(b) and Local Rule 3-2 because the Defendants are in this District and Division, and the events or omissions giving rise to Plaintiff's claims occurred within this District and Division.

## III.    THE PARTIES.

4.

At all material times herein, Plaintiff was and is a citizen of Oregon. At all material times, Plaintiff was employed by the Newberg School District.

**EMPLOYMENT LAW PROFESSIONALS NW LLC**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

5.

At all material times herein, the District was and is a public school district within the State of Oregon.

6.

At all material times herein Novotney was and is a citizen of Oregon. At all material times, Novotney was paid by the District and was acting as Interim Superintendent of Schools for the Newberg School District. At various times, Novotney was acting outside the scope of his duties as the Interim Superintendent.

7.

At all material times herein, Fowler was and is a citizen of Oregon. At all material times, Fowler was employed by the District as Human Resources Director. At times, Fowler was acting outside the scope of her duties as Director of Human Resources.

8.

At all material times herein, Ficek was and is a citizen of Oregon. At all material times, Ficek was employed by the District as Food Services Director. At times, Ficek was acting outside the scope of his duties.

IV.    **COMPLIANCE WITH ORS 30.275 – OREGON TORT CLAIMS NOTICE.**

9.

Plaintiff has complied with the applicable notice requirements under ORS 30.275.

10.

On or about June 6, 2022, Plaintiff, through counsel, provided actual notice to the District at the Board's Termination Appeal Hearing regarding violations and prohibited conduct by the District including discrimination and retaliation (ORS 659A.199); prohibited conduct by a public

**EMPLOYMENT LAW PROFESSIONALS NW LLC**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

employer for discrimination and retaliation (ORS 659A.203); negligent hiring and retention; and intentional infliction of emotional distress. Plaintiff's counsel received a return receipt postcard by United States Postal Service indicating Defendants received Plaintiff's Tort Claim Notice on or about June 16, 2022.

## V.     FACTUAL ALLEGATIONS.

### 11.

Plaintiff was the long-time District kitchen manager at Mountain View Middle School. During her twenty-two years with the District, she began as a food service worker for three years, then as a cook for eight years, and served as kitchen manager for the last eleven years. During her eleven years of serving as a kitchen manager, her kitchens were evaluated by the Department of Health twenty-two times and each time received a perfect score of 100 points out of 100 points.

### 12.

Plaintiff's performance reviews while employed with the District were above average and Plaintiff served the District faithfully. She was a well-respected and valued employee until the District hired Ficek as Food Services Manager and appointed Fowler to serve as Human Resources Director.

### 13.

During the outbreak of COVID 19 in November 2020, food service workers, including Plaintiff, worked to prepare meals for students even though students were not present at the school. Because the COVID 19 Pandemic represented a specific and serious threat to students and staff, the Center for Disease Control ("CDC") provided specific and clear guidelines that individuals who were exposed to COVID 19 must quarantine for 10-14 days to prevent risking exposure of others.

EMPLOYMENT LAW PROFESSIONALS NW LLC
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

14.

A foodservice worker, Brittany Boyd ("Boyd") who worked with Plaintiff, reported that her son and his girlfriend had tested positive for COVID 19 and had just spent the weekend at the Boyd's residence. Plaintiff told Boyd that she needed to quarantine at home with her children. Boyd stated that Ficek told her that she should take a COVID 19 test, and if it was negative, she was authorized by Ficek to return to work. Plaintiff called Ficek and told him that he could not authorize Boyd to come to work in violation of CDC guidelines. Ficek told Plaintiff that the CDC has its rules, and the District has their rules. Additionally, he told Plaintiff that if she had a negative test she could come back to work.

15.

Plaintiff reported Ficek's conduct to the Yamhill County Health Officer Gary Vanderveer ("Vanderveer"). Vanderveer told Plaintiff she was correct in her interpretation of the COVID 19 Rules and later Vanderveer confronted Ficek about his violation of the COVID 19 restrictions.

16.

Plaintiff's report to Vanderveer and Vanderveer's contact with Ficek were reported to Human Resources and were investigated by Dr. Derek Brown ("Brown"). Brown determined that Plaintiff did not violate District policy; however, when Fowler returned to work, Fowler  issued Plaintiff a disciplinary letter of expectation in violation of the Collective Bargaining Agreement ("CBA") §§ 13.1, 13.3 and Board Policy GBE and administrative rule GBE-AR, for allegedly revealing confidential health information about Boyd's children who had COVID 19.

///

///

**EMPLOYMENT LAW PROFESSIONALS NW LLC**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

17.

Fowler later included the letter of expectation in a recommendation to Novotney to terminate Plaintiff's employment.

18.

In December 2021, Plaintiff reported a violation of School Board Policy to her school Principal that a door to the school's cafeteria and kitchen was being left open, allowing anyone to enter the facility without being cleared through the office. She had a conversation with a fellow union member about the safety risks of a school shooter having access to the campus, and that conversation was repeated to the school assistant principal. Plaintiff was investigated and issued discipline for making a report of unsafe conditions and expressing her concern for the safety of students and staff that an exterior door was left unsecured.

19.

Plaintiff's report of the unsecured door was reported in Fowler's recommendation for Plaintiff's termination to Novoteny and used as grounds for Plaintiff's termination by Novoteny.

20.

On or about December 3, 2021, Plaintiff took personal leave and, while she was out on leave, someone posted a fraudulent food handler's card above her desk that had her name on it. Thereafter, Ficek placed Anita Shelby ("Shelby") in Plaintiff's kitchen while Plaintiff was on personal leave.

21.

On or about January 19, 2022, Fowler notified Plaintiff's union representative that she was investigating Plaintiff for forging a food handler's card. This was the first time Plaintiff became aware of the existence of the forged food handler's card. Plaintiff asked Fowler to conduct an

**EMPLOYMENT LAW PROFESSIONALS NW LLC**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

investigation to determine who created the card, and Fowler refused, saying she had already concluded that Plaintiff forged the card but provided no evidence to substantiate her conclusion.

22.

When Fowler refused to conduct an investigation into who created the fraudulent food handler's card, Plaintiff filed a criminal complaint with the Newberg-Dundee Police Department stating that someone had created a fraudulent food handler's card with her name on it.

23.

After Mayes filed the criminal complaint with the Newberg-Dundee Police Department, Novotney charged Plaintiff with retaliation against Fowler and Ficek as a result of her criminal complaint to the Police Department. Novotney also charged Plaintiff with forging the food handler's card, but provided no evidence to substantiate his conclusion.

24.

The charges raised by Novoteny were included in the recommendation for termination of Mayes.

25.

Novotney stated to the District School Board that he had a copy of the police report that indicated Plaintiff had filed a false police report, which was a false statement because no investigative report had been issued and the investigation was incomplete at the time Novotney made this claim at the Board's Termination Appeal Hearing.

///

///

///

///

**EMPLOYMENT LAW PROFESSIONALS NW LLC**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

## VI.    CLAIMS FOR RELIEF.

### FIRST CLAIM FOR RELIEF
### VIOLATION OF FREE SPEECH
### 42 U.S.C. §1983
### Against Novotney, Fowler and Ficek, individually

26.

Plaintiff incorporates paragraphs 1 through 25 as fully set forth herein.

27.

Plaintiff has a constitutional and statutory right under state and federal law to report misconduct by government officials, including violations of state and federal laws, rules, regulations, policies, and procedures, and, to file reports of criminal wrongdoing with local law enforcement.

28.

Novotney, Fowler and Ficek acted under color of law using their positions as public-school employees to discipline Plaintiff for protected activity by subjecting her to discipline and dismissal for those activities including, but not limited to:

a.  Plaintiff's activities, including reporting violation of CDC state and federal law and rule violations is an activity in support of the public interest because it was done to curb the spread of COVID 19 as stated in ORS 654.022;

b.  Plaintiff's activity of reporting violations of safety protocols, including the propping open of a door that was required to be locked during school hours to protect the safety and welfare of students and staff, is a protected activity in support of the public interest and welfare; and

**EMPLOYMENT LAW PROFESSIONALS NW LLC**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

    c.  Plaintiff's activity of filing a police report for the forgery of a food handler's

        card which is a protected activity under ORS 659A.030(1)(f)(g).

29.

After Fowler refused to investigate the production of the forged food handler's card, Plaintiff exercised her right to seek assistance from law enforcement. Plaintiff, knowing that these cards have typewritten names, not handwritten names, and that she did not affix her handwritten name to this card, went to the Newberg-Dundee Police Department to open an investigation.

30.

On or about March 29, 2022, Novotney issued a Notice of Termination letter to Plaintiff. This letter included six allegations, including that Plaintiff engaged in targeted retaliation against members of her management including, Fowler, Ficek, and Shelby by "filing a false report with the Newberg-Dundee Police Department."

31.

On or about April 26, 2022, Novotney testified at Plaintiff's Board Termination Appeal Hearing that he had a copy of the police report; this was a false statement because the police department does not release copies of police reports for active investigations and the police had not concluded it's investigation.

32.

Novotney continued to uphold the termination letter's allegations, including Plaintiff's filing a false police report. Plaintiff had a right to seek the assistance of law enforcement and exercise of this right was used as grounds for her termination.

///

///

**EMPLOYMENT LAW PROFESSIONALS NW LLC**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

33.

The activities of Novoteny, Fowler and Ficek were willful, wanton, malicious, and purposeful to prevent Plaintiff from exercising her constitutional rights to engage in protected activities and were designed to chill protected activities by other employees as well.

34.

Plaintiff has suffered financial losses according to proof, but no less than $150,000 dollars.

35.

Plaintiff is entitled to recover reputational damages in an amount according to proof, but no less than $175,000.

36.

Plaintiff is entitled to recover punitive damages in an amount to be determined by the jury at trial.

37.

Plaintiff is entitled to recover emotional distress damages in an amount according to proof, but no less than $350,000, and punitive damages in an amount according to proof, but no less than $350,000.

38.

Plaintiff is entitled to recover reasonable attorney's fees and costs according to proof (ORS 659A.885, 42 U.S.C. § 1988).

///

///

///

///

**EMPLOYMENT LAW PROFESSIONALS NW LLC**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

## SECOND CLAIM FOR RELIEF
### RETALIATION AGAINST NEWBERG SCHOOL DISTRICT
### ORS §§654.062(5); 659A.203; 659A.199

### COUNT ONE
### Against the District

39.

Plaintiff incorporates paragraphs 1 through 38 as fully set forth herein.

40.

Plaintiff was a public-school employee at all material times to the matters of this Complaint.

41.

Plaintiff is an "employee" and a "person" within the meaning of ORS §654.022 and, as such, is required to comply with "every requirement of every order, decision, direction, standard, rule or regulation made or prescribed by the Department of Consumer and Business Services . . . to do everything necessary or proper in order to secure compliance with and observance of every such order, decision, direction, standard, rule or regulation."

42.

The District, as a public employer, is prohibited from retaliating against Plaintiff for reporting violations of federal, state, or local law, rule, or regulation under ORS §659A.199 and §659A.203.

43.

Plaintiff reported that her supervisor, Ficek, was violating COVID 19 CDC Guidelines by allowing an exposed worker to work without quarantining after exposure.

///

PAGE 11 – **COMPLAINT**

44.

The District, by and through Fowler, suspended Plaintiff for making the protected report to Vanderveer.

44.

The District, through Ficek, Fowler and Novotney, issued written discipline to Plaintiff for making the protected report to Vanderveer, and instructed her not to report violations, which is prohibited by ORS §659A.203(3).

45.

The District harmed Plaintiff by damaging her reputation as a food services worker of twenty-two years, who had a stellar evaluation record, by including the disciplinary action for reporting Ficek's violation to Vanderveer, and by incorporating the discipline in Fowler's recommendation for dismissal.

46.

Plaintiff was harmed financially by the termination of her employment as a kitchen manager at Mountain View Middle School, causing her a loss of income and loss of medical benefits.

47.

Plaintiff is entitled to recover back pay and front pay, in an amount according to proof, but no less than $150,000.

48.

Plaintiff is entitled to recover for damages to her reputation in an amount according to proof, but no less than $175,000.

///

**EMPLOYMENT LAW PROFESSIONALS NW LLC**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

49.

Plaintiff is entitled to recover emotional distress damages in an amount according to proof, but no less than $350,000.

50.

Plaintiff is entitled to recover punitive damages in an amount to be determined by the jury at trial but no less than $350,000.

51.

Plaintiff is entitled to recover reasonable attorney fees and costs according to proof ORS §659A.885.

**COUNT TWO**

52.

Plaintiff incorporates paragraphs 1 through 51 as fully set forth herein.

53.

The District required that all exterior doors to the Mountain View Middle School be locked during school hours for safety reasons.

54.

Plaintiff reported to Mountain View Middle School Principal Ms. Terry McElligott ("McElligot") and Ficek that the exterior door in the kitchen area was being intentionally propped open and represented a safety violation allowing anyone open access to the school.

55.

Plaintiff stated to the Mountain View custodian, a fellow member of her union, that she was concerned given recent school shootings that leaving the door open represented a risk to the safety of students and staff.

PAGE 13 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS NW LLC**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

56.

The custodian repeated Plaintiff's statements to Assistant Principal Lindsay Kopacek ("Kopacek"), who thereafter passed the information on to Fowler.

57.

Fowler undertook an investigation into Plaintiff's complaints about the safety of leaving the exterior door open in violation of safety protocols. District Policy GBE, and GBE-AR required the door to remain closed and locked.

58.

Plaintiff was subjected to discipline by Fowler for reporting the violation of Policy GBE, and administrative rule GBE-AR in violation of ORS §§659A.030(f)(g); ORS 654.010 and ORS 654.062(5)(a)-(c)(6).

59.

Plaintiff is entitled to recover back pay and front pay, in an amount according to proof, but no less than $150,000.

60.

Plaintiff is entitled to recover for damages to her reputation in an amount according to proof, but no less than $175,000.

61.

Plaintiff is entitled to recover emotional distress damages in an amount according to proof, but no less than $350,000.

62.

Plaintiff is entitled to recover punitive damages in an amount to be determined by the jury at trial but no less than $350,000.

EMPLOYMENT LAW PROFESSIONALS NW LLC
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

63.

Plaintiff is entitled to recover reasonable attorney fees and costs according to proof ORS §659A.885.

## COUNT THREE

64.

Plaintiff incorporates paragraphs 1 through 63 as fully set forth herein.

65.

As pretext for unlawful retaliation, Plaintiff was accused of forging an Oregon Food Handler's card by the Novotney, Ficek and Fowler.

66.

Plaintiff told Fowler that she had not forged her name on an Oregon Food Handler's card and insisted that Fowler conduct an investigation to determine who had forged Plaintiff's name on the food handler's card.

67.

Fowler refused to pursue the issue of who forged Plaintiff's name on the food handler's card, alleging that the Plaintiff did so herself.

68.

Plaintiff filed a police report for the crime of forging her name on the food handler's card with the Newberg-Dundee Police Department.

69.

Novotney issued findings that Plaintiff had forged her name on the food handler's card and claimed to have a copy of a police report stating that Plaintiff had made a "false police report." Novotney's statement that he had a police investigation report and stating that Plaintiff had made

**EMPLOYMENT LAW PROFESSIONALS NW LLC**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

a "false police report" was untrue, since at the time Novotney made the statements the police investigation was ongoing, and no determination had been made by the police.

70.

Novotney used this falsity as a finding of fact leading to his determination to discharge Plaintiff.

71.

Novotney, Ficek and Fowler, as agents of the District, retaliated against Plaintiff by disciplining Plaintiff for making a police report that her name had been forged on a food handler's card in violation of ORS §§659A.199(1), 659A.203(b)(3), and 659A.230(1).

72.

Plaintiff is entitled to recover back pay and front pay, in an amount according to proof, but no less than $150,000.

73.

Plaintiff is entitled to recover for damages to her reputation in an amount according to proof, but no less than $175,000.

74.

Plaintiff is entitled to recover emotional distress damages in an amount according to proof, but no less than $350,000.

76.

Plaintiff is entitled to recover punitive damages in an amount to be determined by the jury at trial but no less than $350,000.

///

///

**EMPLOYMENT LAW PROFESSIONALS NW LLC**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

76.

Plaintiff is entitled to recover reasonable attorney fees and costs according to proof ORS §659A.885.

## COUNT FOUR

77.

Plaintiff incorporates paragraphs 1 through 76 as fully set forth herein.

78.

Novotney alleged and purported to find that Plaintiff had retaliated against Fowler and Ficek by filing a police report that Plaintiff's name had been forged on a food handler's card.

79.

Plaintiff has a constitutional right to file a police report pertaining to unlawful criminal activity; however, Novotney disciplined Plaintiff for filing said police report, which resulted in Plaintiff's termination.

80.

The District's action, by and through Novotney, violated ORS §§659A.199(1), 659A.203(b)(3), and 659A.230(1), because she was discharged for the protected activity of filing a police report.

81.

Plaintiff is entitled to recover back pay and front pay, in an amount according to proof, but no less than $150,000.

82.

Plaintiff is entitled to recover for damages to her reputation in an amount according to proof, but no less than $175,000.

EMPLOYMENT LAW PROFESSIONALS NW LLC
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

83.

Plaintiff is entitled to recover emotional distress damages in an amount according to proof, but no less than $350,000.

84.

Plaintiff is entitled to recover punitive damages in an amount to be determined by the jury at trial but no less than 350,000.

85.

Plaintiff is entitled to recover reasonable attorney fees and costs according to proof ORS §659A.885.

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

86.

Mayes had previously reported Ficek for a pattern of inappropriate fraternization with younger food service workers resulting in Assistant Union President Jennifer Esmond ("Esmond") verbally instructing Ficek to cease-and-desist such conduct with employees.

87.

In or around March 2021, Plaintiff took some FMLA due to stress after another HR investigation. While on FMLA, Plaintiff asked colleague and kitchen manager at Chehalem Valley, Tina Saenz ("Saenz"), if Ficek ever talked about why Plaintiff was out on FMLA with her or any other kitchen staff. On information and belief, Ficek told Saenz, referring to Plaintiff, "I got her, she won't be back."

///

///

///

EMPLOYMENT LAW PROFESSIONALS NW LLC
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

88.

Ficek placed Shelby in the kitchen manager position to cover while Plaintiff was out on FMLA. On information and belief, Shelby told Rhoda Powlison ("Powlison") that she wanted Plaintiff's position permanently.

89.

While Plaintiff was on leave, on or about December 3, 2021, Shelby showed Ficek a fraudulent food handler's card pinned to the wall near Plaintiff's desk where Shelby had been working. On or about December 7, 2021, Shelby took a picture of the fraudulent food handler's card, then emailed Plaintiff, who was still out on leave, asking her to provide Ficek with a copy of her food handler's card. Ficek testified at the Board Termination Appeal Hearing, that he was present in the kitchen office with Shelby during these events.

90.

Shelby kept the picture of the fraudulent food handler's card on her phone until she emailed a copy to Fowler on or about January 19, 2022. The true owner of the food handler's card was identified by the license number as belonging to a coworker of Shelby's at another school cafeteria.

91.

Plaintiff was out on leave until on or around early January 2022, and knowing she needed to get an updated food handler's card, completed via the online course for renewal on or about January 12, 2022.

92.

Upon receiving Plaintiff's new food handler's card, Ficek emailed Plaintiff requesting a copy of her previous food handler's card. Plaintiff stated that she did not know where her old card was located.

EMPLOYMENT LAW PROFESSIONALS NW LLC
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

93.

During the Board Termination Appeal Hearing, Ficek and Fowler testified that they were trying to trap Plaintiff into submitting the fraudulent food handler's card. This trap failed because Plaintiff did not know the fraudulent card existed until she was informed by her union representative on or about January 19, 2022.

94.

The District was aware that other employees also failed to hold current food handler's cards and knew that there was no requirement under Oregon Education Department ("OED") that an employee retain their expired cards.

95.

The fraudulent food handler's card went missing, and the District inferred that Plaintiff had thrown it away. The District relied upon this incident for Plaintiff's termination.

96.

Plaintiff is entitled to recover emotional distress damages in an amount according to proof, but no less than $350,000.

97.

Plaintiff is entitled to recover punitive damages in an amount to be determined by the jury at trial, but no less than $350,000.

98.

Plaintiff is entitled to recover reasonable attorney fees and costs according to proof ORS §659A.885.

///

**EMPLOYMENT LAW PROFESSIONALS NW LLC**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

WHEREFORE, Plaintiff prays for judgment in her favor, and against Defendants, and each of them, awarding Plaintiff economic damages and non-economic damages as determined at trial, but not less than $1,025,000 and, in the case of Defendants Novotney, Fowler, and Ficek, an award of punitive damages as the jury may award at trial, together with Plaintiff's costs, disbursements, attorney and expert witness fees under 42 U.S.C §1988 and ORS §659A.885, and for such other relief the Court deems equitable and just.

Plaintiff hereby demands trial by jury on all issues so triable.

DATED this 15th day of September 2022.

Respectfully submitted,

**EMPLOYMENT LAW PROFESSIONALS**

By:    */s/ Randy J. Harvey*
Randy J. Harvey, OSB #116714
Email: randy@elpnw.com
Andrew T. Mittendorf, OSB #205394
Email: andrew@elpnw.com
Jameson E. Gideon, OSB #202871
Email: jameson@elpnw.com

POB 1309
20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
Telephone: 503-822-5340
Facsimile: 503-433-1404

Of Attorneys for Plaintiff Shelly Mayes

**EMPLOYMENT LAW PROFESSIONALS NW LLC**
PO Box 1309; 20015 SW Pacific Hwy., Suite 221
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404